UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCAL JACQUES DUBOIS, | : |
| Petitioner, | : Civ. No. 14-3861 (KM) |
| v. | : OPINION |
| ROY L. HENDRICKS, | : |
| Respondent. | : |

## I. INTRODUCTION

Petitioner, Pascal Jacques Dubois, was previously in custody as an immigration detainee at the Essex County Correctional Facility in Newark, New Jersey. Mr. Dubois is a native and citizen of Morocco. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, seeking his release from immigration detention. For the following reasons, the habeas petition will be dismissed as moot.

## II. BACKGROUND

Mr. Dubois was placed into immigration custody on March 29, 2013 after completing a state criminal sentence. On December 17, 2013, an Immigration Judge ordered Mr. Dubois removed from the United States. Mr. Dubois waived his right to appeal.

On June 16, 2014, the Court received petitioner's § 2241 petition.[1] In that petition, Mr. Dubois argued that his immigration detention had become so prolonged as to violate *Zadvydas v. Davis*, 533 U.S. 678 (2001). He sought immediate release from custody under reasonable conditions of supervision, or, in the alternative, a constitutionally adequate hearing in which respondent would be required to demonstrate that his continued detention is justified.

---

[1] I note in passing that petitioner misdated his petition June 18, 2014; it was actually received and filed in this Court two days before that date.

1

On June 27, 2014, I ordered respondent to answer the petition. Respondent submitted a letter on July 14, 2014 which stated that, that same day, Mr. Dubois had been released from immigration detention under an order of supervision. Respondent attached a copy of the order of supervision to the letter.

## III. DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings both before and after the issuance of a final order of removal. Post-removal order immigration detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or

2

> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). However, if the alien is not removed during the ninety-day period, then § 1231(a)(6) authorizes that the alien be released on bond or that the alien be continued to be detained. Indeed, § 1231(a)(6) provides that:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, 533 U.S. 678, the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggest that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) (citing *Zadvydas*,

3

533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6).

With that as a legal background, I find that it is unnecessary to decide whether petitioner is entitled to habeas relief. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted).

Mr. Dubois' petition is now moot in light of his release from immigration detention under an order of supervision. Such a release (or alternatively, a hearing in which the government justified its failure to release him) is precisely the relief Mr. Dubois sought in his petition. That relief has now been granted.

In that respect, Mr. Dubois's case is similar to *Nunes v. Decker*, 480 F. App'x 173 (3d Cir. 2012) (per curiam). In *Nunes*, the petitioner contested his continued post-order removal immigration detention under *Zadvydas*. *See Nunes*, 480 F. App'x at 174. The District Court denied relief. *See id.* After the matter was fully briefed on appeal, the Court determined that the case was now moot after noting that Nunes was released under an order of supervision which did not provide for future detention absent his violation of a condition of release. *See id.* at 175. Thus, the Court determined that the petitioner's potential indefinite detention could not be reasonably expected to resume. The Court could not assume that Nunes, who had acknowledged the conditions of his release in writing, would violate them and place himself at risk of detention. *See id.* Here, as in *Nunes*, Mr. Dubois has been released from immigration detention pursuant to an order of supervision, as he requested. There is no reason to think he will be detained again

4

unless he violates conditions of supervision, a speculative state of affairs and one within his control. Accordingly, Mr. Dubois's petition seeking release from post-order removal immigration detention is moot, as he "has achieved the result he sought in in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes* 480 F. App'x at 175 (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Rojas v. Lowe*, No. 13-0871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013) (dismissing habeas petition raising *Zadvydas* claim as moot where petitioner was released from immigration detention pursuant to an order of supervision).

## IV.   CONCLCUSION

For the foregoing reasons, the habeas petition will be dismissed as moot. An appropriate order will be entered.

DATED: August 18, 2014

_____
KEVIN MCNULTY
United States District Judge